FILED
CLERK
10/23/2018 3:47 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ALICIA CLARKES, SAMANTHA CLARKES
HOLLEY YOUNG, PAULA ROSS, JAMAL SMART,
SUSAN MURPHY, CASSONDRA CHURCH,

                      Plaintiffs,

        -against-

SUFFOLK COUNTY,

                      Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-CV-2711 (JMA)(AYS)

**AZRACK, United States District Judge:**

      On May 4, 2017, *pro se* plaintiffs Alicia Clarkes, Samantha Clarkes, Holley Young, Paula Ross, Jamal Smart, Susan Murphy, and Cassondra Church (collectively, "plaintiffs") filed a complaint in this Court against Suffolk County ("the County" or "defendant"). Plaintiffs paid the Court's filing fee. For the reasons that follow, the complaint is *sua sponte* dismissed for lack of standing.

      I.    BACKGROUND

      All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

      In conjunction with the form complaint filed on May 4, 2017, plaintiffs filed what appears to be thirty-three (33) pages of support, entitled "Notice of Motion to Supplementary Record and Freedom of Information," along with a "Petition in Support of Extension to File Complaint" addressed to the Suffolk County District Attorney's Office and the Suffolk County Attorney and a "Petition in Support of Release of Detainee" that is also addressed to the Suffolk County Attorney and the Suffolk County Executive. (See ECF Nos. 2-1, 2-2.) Plaintiffs also filed an incoherent

1

twenty-seven (27) page document entitled "Declaration in Support of Jury Trial De Novo and Omnibus Motion."  (See ECF No. 3.)  Despite the lack of responses to virtually all the questions on the form complaint, the Court has, in an abundance of caution, reviewed all of plaintiffs' submissions in an effort to discern the plaintiffs' claims.

Plaintiffs' submissions are a rambling, disjointed mix of conclusory allegations and are difficult to comprehend.  At best, it appears that plaintiffs seek to challenge the incarceration and deportation of a family member, Kingsley O. McDonald ("K. McDonald").  (ECF Nos. 2-1 at 3; 2-2 at 4-5.)[1]  Plaintiffs claim that although K. McDonald was found not guilty of criminal charges brought against him, he was arrested shortly after his acquittal and detained by agents acting for the Department of Homeland Security ("DHS").  (ECF Nos. 2-1 at 4; 2-2 at 5, 3 at 10.)  According to Plaintiffs, DHS claimed that K. McDonald was in breach of the terms of his permanent resident status.  (Id.)  Plaintiffs seek to have K. "McDonald returned to his significant others that currently occupy the United States . . . ."  (ECF No. 2-1 at 5.)  Thus, plaintiffs claim that because "[K.] McDonald no doubt has various relatives who were naturalized in the United States and has been a witness to breaches of the constitution, we have suffered irreparable damages," citing the Fifth and Fourteenth Amendments.  (Id. at 8-9.)  Plaintiffs further claim, in conclusory fashion, that K. McDonald was subjected to "police brutality and racism at the time of his arrest associated with the criminal charges he was found not guilty upon on or about August 25, 2016."  (Id. at 9.)  Plaintiffs also claim that, on February 15, 2017, while in the custody of the Suffolk County Sheriff, K. McDonald and other inmates were involved in a motor vehicle accident during transport from the Jail to the John P. Cohalan Court Complex.  (ECF Nos. 2-2 at 5; 3 at 8.)  According to plaintiffs' submission, K. McDonald was taken to Brookhaven Hospital where he was treated for injuries he allegedly sustained in the accident and

---

[1] Because plaintiffs have provided separate pagination for each document, the Court will refer to the pagination assigned by the Court's Electronic Case Filing ("ECF") system for clarity.

was given a cane by the physician to assist with mobility. (ECF Nos. 2-2 at 6; 3 at 8-9.) Plaintiffs allege that K. McDonald was assaulted by corrections officer upon his return to the Jail from Brookhaven Hospital and his cane was taken away. (Id.)

For relief, plaintiffs seek unspecified punitive damages, "release of [K.] McDonald," and a stay of "the matter with demands for an extension in order that [K.] McDonald may file a suit in equity and not be barred by time restraints upon the merits that he is currently being detained"; a "declaration that the defendant violated our civil rights;" as well as "compensatory damages at a sum no less than $1,800,000 (U.S. dollars) for the economic losses suffered,[2] . . . and to appoint trustees to administrate the estate on behalf of the beneficiary and for his betterment and enjoyment." (ECF Nos. 2-1 at 11; 2-2 at 12; 3 at 24).

None of the initial filings identify any discernable claim of injury to the named plaintiffs themselves. Moreover, at no point do the plaintiffs identify any grounds to establish standing to sue on behalf of K. McDonald. Accordingly, the Court issued the following Order to Show Cause ("OTSC") on February 8, 2018:

> According to plaintiffs['] filings, ECF. Nos. 2, 3 and 10, it appears that all material allegations in this matter concern an individual named Kingsley O. McDonald, who is not a named plaintiff in this action. In their filing on May 4, 2017, ECF No. 2 , plaintiffs allege that they are "the significant others of McDonald, Kingsley O., a 33 year-old-man...." It does not appear that plaintiffs have standing to bring this suit. By February 22, 2018, plaintiffs must submit evidence to the Court demonstrating what standing, if any, plaintiffs have to bring this suit on behalf of [K.] McDonald. Plaintiffs may also submit, by February 22, 2018, any legal authority that they assert establishes their standing. If plaintiffs fail to establish that they have standing, this action will be dismissed. If plaintiffs fail to respond by February 22, 2018, the Court may also dismiss this action for failure to prosecute.

(OTSC Feb. 8, 2018). Plaintiff Holley Young ("Young") filed a timely response to this OTSC on February 22, 2018. (ECF No. 12.)

Young's filing was once again a rambling, disjointed mix of factual statements regarding

---

[2] Plaintiffs also included a separate request for "[c]ompensatory damages for the economic losses and emotional injuries suffered by us personally at a sum no less than $999,999.00." (ECF No. 3 at 24.)

3

K. McDonald's detention and various recitations of legal definitions and standards without any apparent connection between the two. (Id.) In response to the standing issue raised by the Court's OTSC, Young included documentation of her marriage to K. McDonald and stated, "[a]s the wife of [K.] McDonald it is my personal interest with demands that I be granted proper standing to settle these matters as it is imperative that he return to the same status he maintained prior to these legal discrepancies…" (Id. at 4).

None of the remaining six named defendants submitted any evidence to demonstrate standing to bring this suit.

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiffs' *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a

4

sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous, or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000) (per curiam); Fed. R. Civ. P. 12(h)(3).

**B.  Standing**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, plaintiffs still must have standing—an "essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). The standing inquiry "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Moreover, the plaintiffs bear the burden of alleging facts that establish standing. See Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

The Second Circuit has made clear that:

> [t]o establish constitutional standing, a plaintiff must show (1) an injury in fact, (2) causation between the injury and the offensive conduct, and (3) 'a likelihood that the injury will be redressed by a favorable decision.' Susan B. Anthony List v. Driehaus, [573] U.S. [149], 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014) (internal quotation marks and alterations omitted). Additionally, the 'prudential standing rule ... normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.' Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 86 (2d Cir. 2014) (internal quotation marks omitted). '[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.' Id. (internal quotation marks omitted).

Heath v. Banks, 692 F. App'x 60 (2d Cir. 2017).

Here, all material allegations by plaintiffs, liberally construed, concern the rights of a K. McDonald, who is not a named plaintiff. In their initial filings, plaintiffs allege that they are "the significant others of McDonald, Kingsley O., a 33-year-old-man," (ECF No. 2) but include nothing that might establish their standing to sue on his behalf. Accordingly, the Court issued an OTSC directing plaintiffs to submit evidence and legal authority to demonstrate their standing to sue. (OTSC Feb. 8, 2018.)

As outlined above, only Young submitted a response to the Court's OTSC. (ECF No. 12.) She provided evidence that she is K. McDonald's wife and based on this fact asserts she has "personal interest . . . to settle these matters," presumably on K. McDonald's behalf. (ECF No. 12, at 4.) However, "jurisdiction cannot be invoked solely on the basis of harms to a plaintiff's spouse." Hui Yu v. U.S. Dep't of Homeland Sec., 568 F. Supp. 2d 231, 234 (D. Conn. 2008); see also Burton v. City of New York, No. 97–CV202, 1997 WL 793105, *2 (E.D.N.Y. Nov. 28, 1997) (granting motion to dismiss where plaintiff asserted claims on behalf of his wife); Kounitz v. Slaatten, 901 F. Supp. 650, 654 (S.D.N.Y.1995) (denying standing to spouse where he had no injury in fact to himself).

Furthermore, Young's response to the OTSC failed to identify any injury that she herself has suffered and "[a] federal court's jurisdiction ... can be invoked only when the plaintiff [herself] has suffered some threatened or actual injury resulting from the putatively illegal action." Warth, 422 U.S. at 499; see also Heath, 692 F. App'x at 60 ("the plaintiff generally must assert [her] own legal rights and interests"). Accordingly, Young does not have standing to maintain this suit.

The remaining named plaintiffs failed to submit anything in response to the Court's February 8, 2018 Order to Show Cause. As a result, no plaintiff has sufficiently alleged standing to maintain this suit and the complaint must be dismissed for lack of standing.

C.  **State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3); see Shahriar v. Smith & pWollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of standing to maintain any federal law claims, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiffs' complaint and dismisses any such claims without prejudice.

### III.  CONCLUSION

For the forgoing reasons, the complaint is *sua sponte* dismissed for lack of standing. The Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiffs' complaint and any such claims are dismissed without prejudice. The Clerk of the Court is directed to mail a copy of this Order to the plaintiffs at their last known addresses and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiffs seek leave to appeal *in forma pauperis,* such status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 23, 2018
       Central Islip, New York

  /s/ (JMA)
Joan M. Azrack
United States District Judge